IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| M.I.S. ENGINEERING, a Division of Research and Development Corp., | ) ) ) | 4:06CV3074 |
| Plaintiff, | ) ) | **MEMORANDUM** |
| vs. | ) ) | **AND ORDER** |
| U.S. EXPRESS ENTERPRISES, INC., | ) ) | |
| Defendant. | ) | |

On November 21, 2002, the plaintiff, M.I.S. Engineering ("M.I.S."), hired the defendant, U.S. Express Enterprises, Inc. ("U.S. Xpress"),[1] to transport equipment from Buffalo, Minnesota, to Lincoln, Nebraska. M.I.S. alleges that the equipment was extensively damaged when it arrived in Lincoln the next day. M.I.S. submitted a claim for the alleged damages to U.S. Xpress on November 26, 2002, but the claim was denied on January 7, 2003. Over three years later, on February 8, 2006, M.I.S. filed suit in the District Court of Lancaster County, Nebraska, alleging that U.S. Xpress "had a duty to exercise care in transporting the goods and to deliver the good [sic] without damage," which it "failed to discharge," and also that "[t]he occurrence of damaging these goods is one[ ] which would not, in the ordinary course of things, happen in the absence of negligence." (Complaint ¶¶ 10, 11, and 13 (filing 1, at 4).) U.S. Xpress removed the action to this court on March 27, 2006, on the basis of federal question jurisdiction under 28 U.S.C. § 1331, and has now moved for summary judgment.

U.S. Xpress claims "that it is entitled to judgment as a matter of law because, first, Plaintiff's state law causes of action are preempted by the Carmack Amendment,

---

[1] The defendant states that its proper name is U.S. Xpress Enterprises, Inc. (Answer, ¶ 2 (filing 4, at 1).)

49 U.S.C. § 14706, et seq. and, second, Plaintiff's causes of action are barred by the statute of limitations provided in 29 U.S.C. § 14706(e)(1) of the Carmack Amendment." (Motion for Summary Judgment (filing 6, at 1).) "In the alternative," U.S. Xpress claims that "Plaintiff's causes of action are barred by Nebraska state statutes of limitations [of three years and two years, respectively,] . . . Neb. Rev. Stat. §§ 25-219 [applicable to 'actions upon a liability created by a federal statute . . . for which no period of limitations is provided in such statute'] and 25-226 [applicable to '[a] cause of action for a freight damage claim . . . against a common carrier']." (Id.) M.I.S., after stating without explanation that "[t]he only issue to be determined is whether the statute of limitations has run," argues that "the plaintiff is claiming that [its] [oral] contract was breached, [a claim subject to a] four year statute of limitation[s] [under Neb. Rev. Stat. § 25-206], and that the defendant was negligen[t], [a claim subject to a] four year statute of limitation[s] [under Neb. Rev. Stat. § 25-207]." (Plaintiff's Brief (filing 12-1), at 2 and 4.)

### A. Preemption

U.S. Xpress, after having removed this action from state court by alleging that "the United States District Court has original jurisdiction under 28 U.S.C. § 1331, in that the case arises under and pursuant to the laws of the United States" (Notice of Removal, ¶ 3 (filing 1, at 1)), is not in a very good position to argue that the action should be dismissed with prejudice because only state-law claims are alleged in the complaint. If this court lacks subject matter jurisdiction,[2] then the action cannot be

---

[2] While it is possible that the court could exercise diversity jurisdiction under 28 U.S.C. § 1332, the case was not removed on this basis, nor is it established by the pleadings that complete diversity of citizenship exists. M.I.S. merely alleges that it is "a division of Research and Development, a Nebraska Corporation and is a business located in Lincoln, Lancaster County, Nebraska," and that U.S. Xpress is "a cargo shipping business located . . . [in] Chattanooga, Hamilton County, Tennessee." (Complaint, ¶¶ 1, 2 (filing 1, at 3).) Neither the principal place of business of Research and Development Corporation (the apparent real party in interest) nor the

dismissed; it can only be remanded to state court pursuant to 28 U.S.C. § 1447(c). See e.g., Lauder v. Bekins Van Lines Co., No. 4:05-CV-1132 CAS, 2005 WL 3333269, *4 (E.D. Mo. Dec. 7, 2005) (plaintiff's allegations concerning the interstate transport of goods by a common carrier under a bill of lading did not plead a Carmack Amendment cause of action, but, rather, pleaded state law claims which were subject to preemption by the Carmack Amendment; because the Carmack Amendment does not completely preempt state law claims for purposes of federal removal jurisdiction, remand was required).

However, I must disagree with the district court's holding in Lauder that the Carmack Amendment does not completely preempt state-law claims for purposes of federal removal jurisdiction.[3] I previously examined this jurisdictional issue in Nebraska Turkey Growers Co-op Ass'n v. ATS Logistics Services, Inc., No. 4:05CV3060, 2005 WL 3118008, *4 (D. Neb. Nov. 22, 2005), and concluded that a complaint alleging a state-law claim for breach of contract also contained all of the essential elements of a Carmack Amendment claim, and thus was not subject to remand under 28 U.S.C. § 1447(c). In reaching this result, I stated:

---

state of incorporation of U.S. Xpress are alleged. See 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, . . ..").

[3] "[A] state claim may be removed to federal court in only two circumstances —when Congress expressly so provides . . . or when a federal statute wholly displaces the state-law cause of action through complete pre-emption. When the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 8 (2003). "In the ordinary case, federal preemption is merely a defense to a plaintiff's state-law claim, and it does not alter the jurisdiction of the federal court." Chapman v. Lab One, 390 F.3d 620, 625 (8th Cir.2004) (citing Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987)).

3

> Nebraska Turkey Growers pleaded all of the essential elements of a Carmack Amendment claim by alleging that ATS agreed to deliver the turkeys to Florida, that ATS picked up the shipment in Nebraska (as evidenced by a bill of lading that identifies ATS as the carrier), that ATS failed to make the contracted-for delivery, and that Nebraska Turkey Growers thereby sustained in damages in the amount of $29,345.74. "The cases make it clear that when damages are sought against a common carrier for failure to properly perform, or for negligent performance of, an interstate contract of carriage, the Carmack Amendment governs." Fulton v. Chicago, Rock Island & P.R. Co., 481 F.2d 326, 331-32 (8th Cir.1973) (quoting American Synthetic Rubber Corp. v. Louisville & N.R.R. Co., 422 F.2d 462, 466 (6th Cir.1970). The breach-of-contract claim alleged in Nebraska Turkey Growers' original complaint is thus preempted by federal statute. See id. (holding that the Carmack Amendment has preempted suits in specific negligence by holders of bills of lading against their carriers). See also Rocky Ford Moving Vans. Inc. v. United States, 501 F.2d 1369, 1372 (8th Cir.1974) ("In adopting the Carmack Amendment, Congress intended to impose a single uniform federal rule upon the obligations of carriers operating in interstate commerce."); Woods v. Unigroup, Inc., 945 F. Supp. 1255, 1256 (E.D. Mo. 1996) (stating that the majority of circuit courts have concluded that state law causes of action are preempted by the Carmack Amendment). It follows that the court has subject matter jurisdiction, and that Nebraska Turkey Growers' motion to remand the action to state court pursuant to § 1447(c) must be denied.

Id. See also Hall v. Aloha Int'l Moving Services, Inc., No. CIV 98-1217 (MD/JGL), 2002 WL 1835469, *6 (D. Minn. Aug. 6, 2002) (a state law cause of action is preempted by the Carmack Amendment if the cause of action involves loss of goods or damage to goods caused by the interstate shipment of those goods by a common carrier; courts that have examined the scope of Carmack Amendment preemption have consistently held that the Carmack Amendment preempts state law under almost all circumstances); Just Take Action, Inc. v. GST (Americas) Inc., No. 04-3024 ADM/RLE, 2005 WL 1080597, *4 (D. Minn. May 6 ,2005) (Carmack Amendment serves as a shipper's exclusive remedy for damaged property and preempts common law causes of actions). But see Karnes v. Poplar Bluff Transfer Co., No. 1:98-CV-98

4

CAS, 1999 WL 1097982, *1 (E.D. Mo. Oct. 27,1999) (Carmack Amendment does not give rise to complete preemption), aff'd sub nom. on other grounds, In re Atlas Van Lines, Inc., 209 F.3d 1064 (8th Cir. 2000) (holding that validity of district court's § 1447(c) remand order was not subject to review on appeal).

The Carmack Amendment essentially provides that a carrier is liable for the actual loss or injury it causes to a shipper's property. Continental Grain Co. v. Frank Seitzinger Storage, Inc., 837 F.2d 836, 839 (8th Cir. 1988). In an action to recover for goods lost in transit, a shipper must show the following to establish a prima facie case: (1) delivery of a quantity of goods to the carrier, (2) arrival at destination of a lesser quantity, and (3) the amount of damages. Id.

The facts alleged in the complaint in this case, if proven to be true, would establish each of these required elements. Thus, it is alleged that U.S. Xpress "is a cargo shipping business[;]" that the parties "entered into a shipping contract (or "Bill of Lading")[4] . . . on or about November 21, 2002, whereas [U.S. Xpress] agreed to transport equipment from Buffalo, Minnesota to Lincoln Nebraska[;]" that M.I.S. "delivered the goods to [U.S. Xpress] in Buffalo, Minnesota on November 21, 2002, and the goods were in good condition[;]" that [s]aid goods arrived in Lincoln, Nebraska, the destination, on November 22, 2002, and were extremely damaged;" and that "damages are estimated at $165,000.00 with a replacement value of $2,000,000.00." [5] (Complaint, ¶¶ 2, 3, 4, 7, and 16 (filing 1, at 3-5).) A Carmack

---

[4] M.I.S. has filed a copy of a handwritten document (filing 12-2) that it has described in an evidence index (filing 13) as a "Bill of Lading," but such document has not been properly authenticated. See NECivR 7.1(b)(2)(C); Fed. R. Civ. P. 56(e).

[5] "[T]he district courts shall have original jurisdiction of an action brought under section . . . 14706 of title 49, only if the matter in controversy for each receipt or bill of lading exceeds $10,000, exclusive of interest and costs." 28 U.S.C. § 1337(a).

5

Amendment claim is therefore stated, and any state-law causes of action that might be asserted by M.I.S. based on these same facts are completely preempted.

### B. *Statute of Limitations*

In claiming that M.I.S. delayed too long in filing suit, U.S. Xpress relies upon a provision of the Carmack Amendment which states that "[a] carrier may not provide by rule, contract, or otherwise . . . a period of less than 2 years for bringing a civil action against it under this section."  49 U.S.C. § 14706(e)(1).  U.S. Xpress admits that its "tariff and bill of lading do not incorporate the [foregoing] statutory language" (Defendant's  Brief (filing 7) at 6), but it urges me to construe § 14706(e)(1) as a statute of limitations.  While U.S. Xpress has found dictum in one federal district court opinion to support its argument, see Automated Window Machinery, Inc. v. McKay Ins. Agency, Inc., 320 F. Supp. 2d 619, 620 (N.D. Ohio 2004) (where shipper issued a uniform straight bill of lading "which incorporated the minimum statute of limitations authorized by 49 U.S.C. § 14706(e)(1)," the shipper's lawsuit, filed more than two years after the carrier denied its claim, was barred "[b]oth under law and pursuant to the terms of . . . [the] uniform straight bill of lading), such a result is not supported by the plain language of the statute and is contrary to well-established law. In particular, it is contrary to the Supreme Court's holding in Louisiana & W.R. Co. v. Gardiner, 273 U.S. 280, 282-84 (1927), that the Cummins Amendment of March 4, 1915, which modified the Carmack Amendment by adding language very similar to that now contained in § 14706(e)(1), did not prescribe a limitation, but instead "restricted the freedom of carriers to fix the period within which suit could be brought" and "prohibited contracts for any shorter period than the one specified."

Alternatively, U.S. Xpress argues that the plaintiff's Carmack Amendment claim is barred if a Nebraska statute of limitations is applied.  In Gardiner, the Supreme Court held that local statutes of limitations apply to Carmack Amendment claims when there is no valid contractual provision limiting the time to file suit.  See

273 U.S. at 284. I conclude this is still true, even though 49 U.S.C. § 14706 was enacted as part of the ICC Termination Act of 1995, Pub. L. No. 104-88, Title I, § 103, 109 Stat. 803, 907, and arguably is subject to the federal catch-all statute of limitations, 28 U.S.C. § 1658(a) ("Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of the enactment of this section [December 1, 1990] may not be commenced later than 4 years after the cause of action accrues."). Section 1658 has been construed by the Supreme Court to apply only "if the plaintiff's claim against the defendant was made possible by a post-1990 enactment." Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 382 (2004). This clearly is not the case here, since motor carriers have been subject to Carmack Amendment claims ever since 1935. See Motor Carrier Act of 1935, Pub. L. No. 74-255, § 219, 49 Stat. 543, 563 ("The provisions of section 20(11) [the Carmack Amendment] of part I [the Interstate Commerce Act] shall apply with like force and effect to receipts or bills of lading of common carriers by motor vehicle.").

"In a federal question case, where there is no federal statute of limitations, the federal court will borrow the forum state's limitations laws, if not inconsistent with federal law or policy." Kansas Public Employees Retirement System v. Reimer & Koger Associates, Inc., 61 F.3d 608, 611 (8th Cir. 1995). My task, therefore, is to borrow the "most analogous" Nebraska statute of limitations. See Administrative Committee of Wal-Mart Stores, Inc. v. Soles, 336 F.3d 780, 785 (8th Cir. 2003). To do this, I must first "characterize the essence of the claim in the pending case," Aaron v. Brown Group, Inc., 80 F.3d 1220, 1223 (8th Cir. 1996) (quoting Wilson v. Garcia, 471 U.S. 261, 268 (1985)), and then "determine what state cause of action is most closely analogous to the federal claim." Id. (citing Johnson v. State Mut. Life Assurance Co., 942 F.2d 1260, 1262 (8th Cir.1991) (en banc )).

"[T]he nature of the carrier's duty under the Carmack Amendment sounds in negligence." Fulton, 481 F.2d at 333. "[T]he carrier bears a heavy burden of proof akin to res ipsa loquitur because it has peculiarly within its knowledge the facts

7

which may relieve it of liability, . . . but it is liable under the statute only for damage 'caused by' it and therefore can escape liability by proving the damage was due to an excepted cause and 'that it was free from negligence. . . .'" Id. (quoting Missouri Pac. R. R. Co. v. Elmore & Stahl, 377 U.S. 134, 138 (1964)). Thus, "[d]espite the divergent language in the various cases, it is clear that the duty therein sought to be imposed on the common carrier with respect to transportation and delivery of goods is based on the law of negligence." Id. (quoting Seaboard Air Line R. R. Co. v. Lake Region Packing Assoc., 211 So. 2d 25, 27-28 (Fla. App. 1968)). Cf. Continental Grain , 837 F.2d at 839 ("Once the shipper has established a prima facie case, to avoid liability the carrier must prove that it was not negligent and that the damage was caused by an act of God, the public enemy, the act of the shipper himself, public authority, or the inherent vice or nature of the goods."); Kaiser Aluminum & Chemical Corp. v. Illinois Cent. Gulf R. Co., 615 F.2d 470, 474 (8th Cir. 1980) ("[T]he burden of proof is upon the carrier to show both that it was free from negligence and that the damage to the cargo was due to one of the excepted causes relieving the carrier of liability.").

Unless there is a more closely analogous Nebraska statute, I will borrow the four-year limitations period that is prescribed by § 25-207, [6] "the residual statute of limitations for tortious conduct[.]" Maloley v. Shearson Lehman Hutton, Inc., 523 N.W.2d 27, 28 (Neb. 1994). U.S. Xpress argues that two other statutes are more apt.

---

[6] The following actions can only be brought within four years: (1) An action for trespass upon real property; (2) an action for taking, detaining or injuring personal property, including actions for the specific recovery of personal property; (3) an action for an injury to the rights of the plaintiff, not arising on contract, and not hereinafter enumerated; and (4) an action for relief on the ground of fraud, but the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud, except as provided in sections 30-2206 and 76-288 to 76-298.

Neb. Rev. Stat. Ann. § 25-207 (LexisNexis 2004).

U.S. Xpress first suggests that I apply § 25-219, which provides:

> All actions upon a liability created by a federal statute, other than a forfeiture or penalty, for which actions no period of limitations is provided in such statute shall be commenced within three years next after the cause of action shall have accrued.

Neb. Rev. Stat. Ann. § 25-219 (LexisNexis 2004). While this statute might seem ideally suited to the present case, it does not refer to any state cause of action that might be analogized to the federal claim at issue. For this very reason, the Eighth Circuit held in Schroeder v. Phillips Petroleum Co., 970 F.2d 419, 420 (8th Cir. 1992), that it was error to apply § 25-219 to a suit for ERISA benefits under 29 U.S.C. § 1132(a)(1)(B), and determined that the most analogous statute of limitations under Nebraska law is the five-year statute of limitations for actions on written contracts, Neb. Rev. Stat. § 25-205. See also Wilson, 471 U.S. at 275 n. 33 & 280 (1985) (overruling holding in Chambers v. Omaha Public School District, 536 F.2d 222, 228 (8th Cir. 1976), that § 25-219 applies to civil rights claims brought under 42 U.S.C. § 1983, and declaring that § 1983 claims are best characterized as personal injury actions).

The defendant's other suggestion for an analogous statute of limitations is § 25-226, which provides:

> A cause of action for a freight damage claim, a rate overcharge, a claim for damages resulting from a delay in transportation, or a claim for a lost shipment against a common carrier shall be barred unless it is filed with a court having jurisdiction of the amount in dispute within two years after the date such action accrues. A cause of action for a rate overcharge accrues on the date the overcharge is paid. A cause of action for a freight damage claim, damages resulting from a delay in transportation, or a shortage in a shipment accrues on the date of delivery or tender of delivery of the freight by the common carrier. A cause of action for a lost shipment accrues on the date the lost shipment was delivered to the common carrier.

9

Neb. Rev. Stat. Ann. § 25-226 (LexisNexis 2004). A state common law "cause of action for a freight damage claim . . . against a common carrier" necessarily bears a strong resemblance to a federal Carmack Amendment claim because "the statute codifie[d] the common-law rule that a carrier, though not an absolute insurer, is liable for damage to goods transported by it unless it can show that the damage was caused by '(a) the act of God; (b) the public enemy; (c) the act of the shipper himself; (d) public authority; (e) or the inherent vice or nature of the goods.'" Missouri Pacific, 377 U.S. at 137 (citations omitted). See also Cincinnati, N. O. & T. P. Ry. Co. v. Rankin, 241 U.S. 319, 325-26 (1916) (Carmack Amendment did not change the long-recognized common law rule that a common carrier is liable not only for negligence, but also as an insurer); Adams Express Co. v. Croninger, 226 U.S. 491, 511 (1913) ("The statutory liability, aside from responsibility for the default of a connecting carrier in the route, is not beyond the liability imposed by the common law, as that body of law applicable to carriers has been interpreted by this court, as well as many courts of the states."). My independent review of Nebraska case law also leads me to conclude that a "freight damage claim" within the scope of § 25-226 is very similar to a claim made under the Carmack Amendment. See, e.g., Fisher Corp. v. Consolidated Freightways, Inc., 434 N.W.2d 17, 20 (Neb. 1989) ("A common carrier is an insurer against loss from whatever cause, except an act of nature, of the public enemy, or of the owner of the goods."); Lincoln Drug Co. v. Harman, 19 N.W.2d 566, 567 (Neb. 1945) (whereas "the liability of a contract carrier is for negligence only[,] . . . the liability of a common carrier is in effect that of an insurer against loss from whatever cause except an act of God, the public enemy or of the owner of the goods."); Eckman Chemical Co. v. Chicago & N. W. Ry. Co., 185 N.W. 444, 445 (Neb. 1921) ("A common carrier of goods insures their safe delivery to the consignee against loss or injury from whatever cause arising, except only the act of God, the public enemy, or some other cause which would exempt it from liability at common law, and where loss or injury to freight while in a carrier's possession is shown, a prima facie case is established, and it then devolves upon the carrier to bring itself within one of the exceptions allowed by the common law.")

(citing N.H. Nelson & Co. v. Chicago & N. W. Ry. Co., 167 N. W. 574, 575 (Neb. 1918)), overruled on other grounds by Humphrey Feed & Grain v. Union Pac. R. Co., 257 N.W.2d 391, 398-99 (Neb.1977); Starr v. Chicago, B. & Q. R. Co., 173 N.W. 682, 683 (Neb. 1919) ("The common-law rule, making the carrier an insurer of goods in its hands for transportation, arose from the practical impossibility of shippers proving how the goods were lost."); Sunderland Bros. Co. v. Chicago, B. & Q. R. Co., 131 N.W. 1047, 1049 (Neb. 1911) ("The common carrier of goods insures their safe delivery to the consignee against loss or injury from whatever cause arising, excepting only the act of God and the public enemy.") (quoting Wabash R. Co. v. Sharpe, 107 N.W. 758, 759 (Neb. 1906)); Burrowes v. Chicago, B. & Q.R. Co., 126 N.W. 1084, *1086 (Neb. 1910) ("[W]hen a shipper surrenders the entire custody of his goods to a common carrier for immediate transportation, and the carrier so accepts them, the liability of the carrier as a practical insurer of the safe delivery of the goods at once attaches."); Suiter v. Chicago, R.I. & P. Ry. Co., 121 N.W. 113, 114 (Neb. 1909) ("A common carrier, with few exceptions, is an insurer of the safe carriage of freight."); McClary v. Sioux City & P.R. Co., 3 Neb. 44, 1873 WL 2883, *6 (1873) ("As a rule the liability of the common carrier of goods does not depend upon his negligence, because he insures the owners of all the goods he carries against all loss or injury, not caused by the act of God or the public enemy.").

As between § 25-207 (the residual statute of limitations for tort claims) and § 25-226 (the statute of limitations for freight damage claims), it is obvious that I should apply the latter statute, provided that it is not inconsistent with federal law or policy. The 2-year period of limitations established by § 25-226 is equal to the minimum period that a carrier may "provide by rule, contract, or otherwise . . . for bringing a civil action against it under [section 14706]." 49 U.S.C. § 14706(e)(1). However, the Carmack Amendment provision also specifies that "[t]he period for bringing a civil action is computed from the date the carrier gives a person written notice that the carrier has disallowed any part of the claim specified in the notice." Id. The Nebraska statute, by contrast, states that "[a] cause of action for a freight

11

damage claim . . . accrues on the date of delivery or tender of delivery of the freight by the common carrier." Neb. Rev. Stat. Ann. § 25-226 (LexisNexis 2004).

Despite this inconsistency, I conclude that it is appropriate in this case to borrow the 2-year period of limitations established by § 25-226. This is because "[f]ederal law . . . determines when the cause of action accrues." Soles, 336 F.3d at 785 (citing Bennett v. Federated Mut. Ins. Co., 141 F.3d 837, 838 (8th Cir.1998)). See also Randy's Sanitation, Inc. v. Wright County, 65 F. Supp. 2d 1017, 1021 (D. Minn. 1999) (circuits which have addressed the issue have uniformly concluded that although state law provides the statute of limitations for a § 1983 claim, federal law defines the date at which the cause of action accrues). Where it is necessary to borrow a state statute of limitations for a federal cause of action, only that portion necessary to fill the gap left by Congress is to be borrowed." West v. Conrail, 481 U.S. 35, 39-40 & n. 6 (1987). Thus, I will borrow only the 2-year limitations period from § 25-226, and will apply § 14706(e)(1) to determine the date on which the plaintiff's Carmack Amendment claim accrued.

I find from the undisputed facts that the claim accrued on January 7, 2003, when U.S. Xpess issued its denial. Because M.I.S. did not file suit within two years after that date, its action is time-barred.

Accordingly,

IT IS ORDERED that the defendant's motion for summary judgment (filing 6) is granted, and that final judgment shall be entered by separate document.

June 26, 2006.　　　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　　　s/ *Richard G. Kopf*
　　　　　　　　　　　　　　　　　　United States District Judge